IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| YVONNE ROSILLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| MARYAM SIDDIQUI, M.D., AMARDEEP SINGH, M.D., LOUIS SCRATTISH, M.D., PAULINA KUCHINIC, M.D., MARIA ILLIESCU, M.D., BRIANA SOUTHERLAND, M.D., SHUMAL MALEPATI, M.D., SAQUIB ANJUM, M.D., PAM KHOSLA, M.D., ANDRES SERRANO, M.D., WILLIAM TRAINOR, M.D., MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL and SINAI HEALTH SYSTEM, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

YVONNE ROSILLO, by and through her attorneys, PHILLIPS LAW OFFICES, complaining against the Defendants, MARYAM SIDDIQUI, M.D., AMARDEEP SINGH, M.D., LOUIS SCRATTISH, M.D., PAULINA KUCHINIC, M.D., MARIA ILLIESCU, M.D., BRIANA SOUTHERLAND, M.D., SHUMAL MALEPATI, M.D., SAQUIB ANJUM, M.D., PAM KHOSLA, M.D., ANDRES SERRANO, M.D., WILLIAM TRAINOR, M.D., and MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL and SINAI HEALTH SYSTEM, states as follows:



1

## COUNT I
## Negligence - All Defendants

1. On October 3, 2009, Plaintiff, YVONNE ROSILLO, admitted to Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL (hereinafter "MOUNT SINAI HOSPITAL"), for labor and delivery of a child.

2. Plaintiff, YVONNE ROSILLO, was discharged from Defendant, MOUNT SINAI HOSPITAL, on October 5, 2009, following the spontaneous vaginal delivery of her child.

3. On October 10, 2009, Plaintiff, YVONNE ROSILLO, admitted to the emergency room at Defendant, MOUNT SINAI HOSPITAL, with complaints of fever, bilateral lower extremity pain, swelling and cramping.

4. On October 10, 2009, Defendant, MOUNT SINAI HOSPITAL, held itself out to the public as a provider of complete and competent emergency room and general medical care.

5. While a patient in the emergency room at Defendant, MOUNT SINAI HOSPITAL, Plaintiff, YVONNE ROSILLO, came under the supervision and care of Defendant, MARYAM SIDDIQUI, M.D., M.D, thereby establishing a physician-patient relationship.

6. At all times relevant to this Complaint, Defendant, MARYAM SIDDIQUI, M.D., was an employee or agent of Defendant, MOUNT SINAI HOSPITAL and/or SINAI HEALTH SYSTEM.

7. While a patient in the emergency room at Defendant, MOUNT SINAI HOSPITAL, Plaintiff, YVONNE ROSILLO, came under the supervision and care of Defendant, AMARDEEP SINGH, M.D., M.D, thereby establishing a physician-patient relationship.

8. At all times relevant to this Complaint, Defendant, AMARDEEP SINGH, M.D., was an employee or agent of Defendant, MOUNT SINAI HOSPITAL and/or SINAI HEALTH SYSTEM.

9. While a patient in the emergency room at Defendant, MOUNT SINAI HOSPITAL, Plaintiff, YVONNE ROSILLO, came under the supervision and care of Defendant, LOUIS SCRATTISH, M.D., M.D, thereby establishing a physician-patient relationship.

10. At all times relevant to this Complaint, Defendant, LOUIS SCRATTISH, M.D., was an employee or agent of Defendant, MOUNT SINAI HOSPITAL and/or SINAI HEALTH SYSTEM.

11. While a patient in the emergency room at Defendant, MOUNT SINAI HOSPITAL, Plaintiff, YVONNE ROSILLO, came under the supervision and care of Defendant, PAULINA KUCHINIC, M.D, thereby establishing a physician-patient relationship.

12. At all times relevant to this Complaint, Defendant, PAULINA KUCHINIC, M.D., was an employee or agent of Defendant, MOUNT SINAI HOSPITAL and/or SINAI HEALTH SYSTEM.

13. While a patient in the emergency room at Defendant, MOUNT SINAI HOSPITAL, Plaintiff, YVONNE ROSILLO, came under the supervision and care of Defendant, MARIA ILLIESCU, M.D, thereby establishing a physician-patient relationship.

14. At all times relevant to this Complaint, Defendant, MARIA ILLIESCU, M.D., was an employee or agent of Defendant, MOUNT SINAI HOSPITAL and/or SINAI HEALTH SYSTEM .

15. While a patient in the emergency room at Defendant, MOUNT SINAI HOSPITAL, Plaintiff, YVONNE ROSILLO, came under the supervision and care of Defendant, BRIANA SOUTHERLAND, M.D, thereby establishing a physician-patient relationship.

16. At all times relevant to this Complaint, Defendant, BRIANA SOUTHERLAND, M.D., was an employee or agent of Defendant, MOUNT SINAI HOSPITAL and/or SINAI HEALTH SYSTEM.

17. While a patient in the emergency room at Defendant, MOUNT SINAI HOSPITAL, Plaintiff, YVONNE ROSILLO, came under the supervision and care of Defendant, SHUMAL MALEPATI, M.D, thereby establishing a physician-patient relationship.

18. At all times relevant to this Complaint, Defendant, SHUMAL MALEPATI, M.D., was an employee or agent of Defendant, MOUNT SINAI HOSPITAL and/or SINAI HEALTH SYSTEM.

19. While a patient in the emergency room at Defendant, MOUNT SINAI HOSPITAL, Plaintiff, YVONNE ROSILLO, came under the supervision and care of Defendant, SAQUIB ANJUM, M.D, thereby establishing a physician-patient relationship.

20. At all times relevant to this Complaint, Defendant, SAQUIB ANJUM, M.D., was an employee or agent of Defendant, MOUNT SINAI HOSPITAL and/or SINAI HEALTH SYSTEM.

21. While Plaintiff, YVONNE ROSILLO, was a patient in the emergency room at Defendant, MOUNT SINAI HOSPITAL, she was diagnosed by the physicians responsible for her care as suffering from thrombotic thrombocytopenic purpura or HELLP syndrome.

22. While Plaintiff, YVONNE ROSILLO, was a patient in the emergency room at Defendant, MOUNT SINAI HOSPITAL, she demonstrated skin abnormalities including erythematous plaques in the lower extremity and abdomen.

23. While Plaintiff, YVONNE ROSILLO, was a patient in the emergency room at Defendant, MOUNT SINAI HOSPITAL, she developed blisters in her hand, foot and knee areas.

24. At no time while Plaintiff, YVONNE ROSILLO, was a patient at Defendant, MOUNT SINAI HOSPITAL, did any of her treating physicians, including but not limited to, MARYAM SIDDIQUI, M.D., AMARDEEP SINGH, M.D., LOUIS SCRATTISH, M.D., PAULINA KUCHINIC, M.D., MARIA ILLIESCU, M.D., BRIANA SOUTHERLAND, M.D., SHUMAL MALEPATI, M.D., SAQUIB ANJUM, M.D., diagnose her as suffering a pelvic infection, Group A strep bacteremia and/or necrotizing fasciitis.

25. While Plaintiff was a patient at Defendant, MOUNT SINAI HOSPITAL, Defendant, PAM KHOLSA, M.D., performed a consult examination on Plaintiff, thereby establishing a physician-patient relationship.

26. At all times relevant to this Complaint, Defendant, PAM KHOLSA, M.D., was an employee or agent of Defendant, MOUNT SINAI HOSPITAL and/or SINAI HEALTH SYSTEM.

27. At the time Defendant, PAM KHOLSA, M.D. examined Plaintiff, YVONNE ROSILLO, Plaintiff was displaying bilateral pedal and calf edema with discoloration and tenderness of the bilateral calves.

28. Following her consultation with Plaintiff, YVONNE ROSILLO, on or about October 10, 2009, Defendant, PAM KHOLSA, M.D. diagnosed Plaintiff as suffering from "likely HELLP syndrome."

29. At no time during or after her consultation with Plaintiff, YVONNE ROSILLO, on or about October 10, 2009, did Defendant, PAM KHOLSA, M.D. diagnose Plaintiff as suffering from pelvic or post-partum infection, Group A strep bacteremia and/or necrotizing faciitis.

5

31. Defendant, PAM KHOLSA, M.D., did not include pelvic or post-partum infection, Group A strep bacteremia and/or necrotizing faciitis in her differential diagnosis following her consultation with Plaintiff on or about October 10, 2009.

32. Following her consultation with Plaintiff, YVONNE ROSILLO, on or about October 10, 2009, Defendant, PAM KHOLSA, M.D., suggested or recommended that Plaintiff receive an infectious disease consultation in connection with her symptoms.

33. While Plaintiff was a patient at Defendant, MOUNT SINAI HOSPITAL, Defendant, ANDRES SERRANO, M.D., performed a consult examination on Plaintiff, thereby establishing a physician-patient relationship.

34. At all times relevant to this Complaint, Defendant, ANDRES SERRANO, M.D., M.D., was an employee or agent of Defendant, MOUNT SINAI HOSPITAL and/or SINAI HEALTH SYSTEM.

35. At the time Defendant, ANDRES SERRANO, M.D., examined Plaintiff, YVONNE ROSILLO, on or about October 11, 2009, Plaintiff was displaying erythematous plaques in the anterior abdominal wall, lower extremity edema and erythematous plaques in the lower extremities with blisters in hands, feet and left knee areas.

36. At the time Defendant, ANDRES SERRANO, M.D., examined Plaintiff, YVONNE ROSILLO, on or about October 11, 2009, Plaintiff was noted as having leukocytosis, anemia, thrombocytopenia, elevated liver function tests and abnormal kidney function.

37. At no time during or after her consultation with Plaintiff, YVONNE ROSILLO, on or about October 10, 2009, did Defendant, ANDRES SERRANO, M.D. diagnose Plaintiff as suffering from pelvic or post-partum infection, Group A strep bacteremia and/or necrotizing faciitis.

38. Defendant, ANDRES SERRANO, M.D., did not include pelvic or post-partum infection, Group A strep bacteremia and/or necrotizing faciitis in her differential diagnosis following her consultation with Plaintiff on or about October 10, 2009.

39. Following his consultation with Plaintiff, YVONNE ROSILLO, on or about October 11, 2009, Defendant, ANDRES SERRANO, M.D., suggested or recommended that Plaintiff receive an infectious disease consultation in connection with her symptoms.

40. While Plaintiff was a patient at Defendant, MOUNT SINAI HOSPITAL, Defendant, WILLIAM TRAINOR, M.D., performed a consult examination on Plaintiff, thereby establishing a physician-patient relationship.

41. At all times relevant to this Complaint, Defendant, WILLIAM TRAINOR, M.D., M.D., was an employee or agent of Defendant, MOUNT SINAI HOSPITAL and/or SINAI HEALTH SYSTEM.

42. At the time Defendant, WILLIAM TRAINOR, M.D., examined Plaintiff, YVONNE ROSILLO, on or about October 10, 2009, Plaintiff was displaying generally swollen and painful limbs with tenderness.

43. At the time Defendant, WILLIAM TRAINOR, M.D., examined Plaintiff, YVONNE ROSILLO, on or about October 10, 2009, Plaintiff had a white blood count of 12,400.

44. At no time during or after her consultation with Plaintiff, YVONNE ROSILLO, on or about October 10, 2009, did Defendant, WILLIAM TRAINOR, M.D. diagnose Plaintiff as suffering from pelvic or post-partum infection, Group A strep bacteremia and/or necrotizing faciitis.

45. Defendant, WILLIAM TRAINOR, M.D., did not include pelvic or post-partum infection, Group A strep bacteremia and/or necrotizing faciitis in her differential diagnosis following her consultation with Plaintiff on or about October 10, 2009.

46. Following his consultation with Plaintiff, YVONNE ROSILLO, on or about October 10, 2009, Defendant, WILLIAM TRAINOR, M.D., did not recommend or suggest an infectious disease consult for Plaintiff, YVONNE ROSILLO.

47. No infectious disease consult was ordered or obtained for Plaintiff while she was a patient at Defendant, MOUNT SINAI HOSPITAL.

48. On October 10, 2009, Defendant, MOUNT SINAI HOSPITAL and/or SINAI HEALTH SYSTEM, represented to Plaintiff, YVONNE ROSILLO, that all the physicians who were involved in her care at the emergency room and otherwise at Defendant, MOUNT SINAI HOSPITAL, including but not limited to Defendants, MARYAM SIDDIQUI, M.D., AMARDEEP SINGH, M.D., LOUIS SCRATTISH, M.D., PAULINA KUCHINIC, M.D., MARIA ILLIESCU, M.D., BRIANA SOUTHERLAND, M.D., SHUMAL MALEPATI, M.D., SAQUIB ANJUM, M.D., PAM KHOLSA, M.D., WILLIAM TRAINOR, M.D. and ANDRES SERRANO, M.D. were employed by or agents of Defendant, MOUNT SINAI HOSPITAL and/or SINAI HEALTH SYSTEM.

49. On October 10, 2009, Plaintiff, YVONNE ROSILLO, believed that all the physicians she encountered at Defendant, MOUNT SINAI HOSPITAL, including but not limited to Defendants, MARYAM SIDDIQUI, M.D., AMARDEEP SINGH, M.D., LOUIS SCRATTISH, M.D., PAULINA KUCHINIC, M.D., MARIA ILLIESCU, M.D., BRIANA SOUTHERLAND, M.D., SHUMAL MALEPATI, M.D., SAQUIB ANJUM, M.D., PAM KHOLSA, M.D., WILLIAM TRAINOR, M.D. and ANDRES SERRANO, M.D., were

employees or agents of Defendant, MOUNT SINAI HOSPITAL and/or SINAI HEALTH SYSTEM.

50. On October 11, 2009, Plaintiff, YVONNE ROSILLO, was transferred from Defendant, MOUNT SINAI HOSPITAL, to Rush University Medical, where she was diagnosed with Group A strep bacteremia with necrotizing fasciitis of bilateral upper and lower extremities and treated with extensive surgical debridement of bilateral upper and lower extremities and total abdominal hysterectomy.

51. At all times pertinent to this Complaint, Defendants, MARYAM SIDDIQUI, M.D., AMARDEEP SINGH, M.D., LOUIS SCRATTISH, M.D., PAULINA KUCHINIC, M.D., MARIA ILLIESCU, M.D., BRIANA SOUTHERLAND, M.D., SHUMAL MALEPATI, M.D., SAQUIB ANJUM, M.D., PAM KHOLSA, M.D., WILLIAM TRAINOR, M.D. and ANDRES SERRANO, M.D., individually and as employees, agents and/or apparent agents of Defendant, MOUNT SINAI HOSPITAL and/or SINAI HEALTH SYSTEM, were under certain duties imposed by law.

52. At all times pertinent to this Complaint, Defendants, MARYAM SIDDIQUI, M.D., AMARDEEP SINGH, M.D., LOUIS SCRATTISH, M.D., PAULINA KUCHINIC, M.D., MARIA ILLIESCU, M.D., BRIANA SOUTHERLAND, M.D., SHUMAL MALEPATI, M.D., SAQUIB ANJUM, M.D., PAM KHOLSA, M.D., WILLIAM TRAINOR, M.D. and ANDRES SERRANO, M.D., as employee, agent and/or apparent agent of Defendant, MOUNT SINAI HOSPITAL and/or SINAI HEALTH SYSTEM, were negligent in her care and treatment of Plaintiff's decedent in one or more of the following respects:

  a.  Failed to properly examine Plaintiff;

  b.  Failed to properly perform a physical exam of Plaintiff;

    c.    Failed to properly and timely diagnose Plaintiff's condition;

    d.    Failed to properly and timely diagnose Plaintiff's infection;

    e.    Failed to consider post-partum infection as the source of Plaintiff's symptoms;

    f.    Failed to control the source of Plaintiff's infectious process;

    g.    Failed to identify the source of Plaintiff's infectious process;

    h.    Failed to properly monitor Plaintiff;

    i.    Failed to obtain a proper history with respect to Plaintiff's symptoms;

    j.    Failed to properly and timely treat Plaintiff;

    k.    Failed to timely administer antibiotics to Plaintiff;

    l.    Failed to conduct appropriate testing for Plaintiff;

    m.    Failed to order and obtain proper tests for Plaintiff;

    n.    Failed to order and obtain an ultrasound of Plaintiff's pelvis;

    o.    Failed to timely order and obtain an ultrasound of Plaintiff's pelvis;

    p.    Failed to order infectious disease consult for Plaintiff;

    r.    Failed to obtain infectious disease consult for Plaintiff;

    s.    Failed to order surgical consult for Plaintiff;

    t.    Failed to obtain surgical consult for Plaintiff;

    u.    Was otherwise careless and negligent.

53.    That as a direct and proximate cause of one or more of the foregoing acts of negligence of Defendants, MARYAM SIDDIQUI, M.D., AMARDEEP SINGH, M.D., LOUIS SCRATTISH, M.D., PAULINA KUCHINIC, M.D., MARIA ILLIESCU, M.D., BRIANA SOUTHERLAND, M.D., SHUMAL MALEPATI, M.D., SAQUIB ANJUM, M.D., PAM KHOSLA, M.D., ANDRES SERRANO, M.D., WILLIAM TRAINOR, M.D., each individually

and as employees, agents and/or apparent agents of Defendant, MOUNT SINAI HOSPITAL, and/or SINAI HEALTH SYSTEM, Plaintiff, YVONNE ROSILLO, sustained injury which caused her disability, disfigurement, pain, suffering and caused her to incur medical expenses and aggravated her underlying condition, all to her damage.

WHEREFORE, Plaintiff, YVONNE ROSILLO, prays for judgment against the Defendants, MARYAM SIDDIQUI, M.D., AMARDEEP SINGH, M.D., LOUIS SCRATTISH, M.D., PAULINA KUCHINIC, M.D., MARIA ILLIESCU, M.D., BRIANA SOUTHERLAND, M.D., SHUMAL MALEPATI, M.D., SAQUIB ANJUM, M.D., PAM KHOSLA, M.D., ANDRES SERRANO, M.D., WILLIAM TRAINOR, M.D., MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL, and SINAI HEALTH SYSTEM, and each of them, in an amount in excess of $50,000 plus costs.

## COUNT II
### Negligence – Mount Sinai Hospital and Sinai Health System

YVONNE ROSILLO, by and through her attorneys, PHILLIPS LAW OFFICES, complaining against the Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL and SINAI HEALTH SYSTEM, states as follows:

1.-50. Paragraphs 1 through 50 of Count I are hereby incorporated by reference herein as if they were fully set forth herein as paragraphs 1 through 50 of Count II.

51. On and prior to October 3, 2009 through October 11, 2009, Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL (hereinafter "MOUNT SINAI HOSPITAL") and/or and SINAI HEALTH SYSTEM, employed personnel, including administrators, officers and directors, to investigate and determine the

competence and experience of physicians and nurses practicing at Defendant, MOUNT SINAI HOSPITAL.

52. At all times pertinent to this Complaint, Defendants, MOUNT SINAI HOSPITAL and/or SINAI HEALTH SYSTEM, by and through their employees, agents, and or apparent agents, including but not limited to nurses, physicians, specialists, consultants, medical staff and administrators, officers and directors, was subject to certain duties imposed by law.

53. In violation of one or more of those duties, Defendants, MOUNT SINAI HOSPITAL and/or and SINAI HEALTH SYSTEM, by and through their employees, agents, and or apparent agents, including but not limited to nurses, physicians, specialists, consultants, medical staff, administrators, officers and directors, was guilty of one or more of the following acts or omissions:

    a. Failed to enforce existing rules, guidelines or policies and procedures with respect to care and management of patients with skin disorders and infectious processes;

    b. Failed to develop, promulgate or institute rules, guidelines or policies and procedures with respect to care and management of patients with skin disorders and infectious processes;

    c. Entrusted the care and treatment of decedent to incompetent and unskilled nurses and doctors;

    d. Failed to properly investigate and determine the competence and skill of members of its nursing and medical staff;

    e. Failed to investigate or check the qualifications and competence of Drs. Siddiqui, Singh, Scrattish, Kuchinic, Illiescu, Southerland, Malepati, Anjum, Khosla, Serrano, and Trainor;

    f. Failed to ensure that Drs. Siddiqui, Singh, Scrattish, Kuchinic, Illiescu, Southerland, Malepati, Anjum, Khosla, Serrano, and Trainor were competent and qualified to provide emergent and general medical care to Plaintiff;

g. Failed to provide competent and capable emergency room and general medical care and services to Plaintiff;

h. Failed to follow proper sterilization techniques with respect to labor and delivery patients;

i. Failed to follow proper sterilization techniques with respect to labor and delivery patients;

j. Failed to follow proper sterilization techniques with respect to Plaintiff's labor and delivery admission on October 3, 2009;

k. Failed to develop, promulgate or institute rules, guidelines or policies and procedures with respect to sterilization techniques in connection with labor and delivery admission on October 3, 2009;

l. Failed to follow enforce existing rules, guidelines or policies and procedures with respect to sterilization techniques in connection with Plaintiff's labor and delivery admission on October 3, 2009;

m. Failed to investigate the sources of Group A infection at Mount Sinai Hospital before and before October 3, 2009;

n. Failed to take remedial action to control the spread of Group A infection at Mount Sinai Hospital before and before October 3, 2009;

o. Was otherwise careless and negligent.

54. As a direct and proximate cause of the aforementioned acts of negligence on the part of the Defendants, MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL and SINAI HEALTH SYSTEM, Plaintiff, YVONNE ROSILLO, sustained injury which caused her to sustain pain, suffering and caused her to incur medical expenses and aggravated her underlying condition, all to her damage.

WHEREFORE, Plaintiff, YVONNE ROSILLO, prays for judgment against the Defendants, MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL and SINAI HEALTH SYSTEM, and each of them, in an amount in excess of $50,000 plus costs.

Respectfully Submitted,

PHILLIPS LAW OFFICES

_____
Attorney for Plaintiff

Terrence M. Quinn
PHILLIPS LAW OFFICES
161 North Clark, Suite 4925
Chicago, Illinois 60601
(312) 346-4262

May 26, 2011

Terrence M. Quinn, Esq.
PHILLIPS LAW OFFICES
161 North Clark Street, Suite 4925
Chicago, Illinois 60601

      Re:    Yvonne Rosillo

Dear Mr. Quinn:

      I am a physician licensed to practice medicine. I am a physician licensed to practice in all its branches and am familiar with the diagnosis and treatment of Group Strep A and necrotizing fasciitis. I have reviewed medical records from Mount Sinai Hospital and Rush University Medical Center. Based on my review of those records and my experience and training, I feel there is a reasonable and meritorious basis for filing a malpractice action against the following healthcare providers:

        Maryam Siddiqui, M.D.
        Amarjit Singh, M.D./Amar Singh, M.D.
        Louis Scrattish, M.D.
        Paulina Kuchinic, M.D.
        Maria Illiescu, M.D.
        Briana Southerland, M.D.
        Shumal Malepati, M.D.
        Saquib Anjum, M.D.
        Pam Khosla, M.D.
        Andres Serrano, M.D.
        William Trainor, M.D.
        Mt. Sinai Hospital

      Ms. Rosillo, a 25-year old woman who was eight days post-normal spontaneous vaginal delivery, presented to Mt. Sinai emergency room on October 10, 2009 with complaints of fever, bilateral lower extremity pain, swelling and bilateral leg cramping. After her admission to the

emergency room at Mt. Sinai, Ms. Rosillo developed erythematous plagues in her lower extremity and abdomen, as well as blisters in her hands, feet and knee areas. Maryam Siddiqui, M.D. appears to have been Ms. Rosillo's attending physician during the course of her admission at Mt. Sinai. Amar Singh, M.D. and/or Amarjit Singh, M.D., Louis Scrattish, M.D., Paulina Kuchinic, M.D. and Maria Illiescu, M.D. appear to have attended to and cared for Ms. Rosillo in Mt. Sinai's emergency room during the course of her admission. Shumal Malepati, M.D., Saquib Anjum, M.D. and Briana Southerland, M.D. were residents who examined and treated Ms Rosillo in the emergency department at Mt. Sinai. The working diagnosis in the emergency department seemed to be, at various times, thrombotic thrombocytopenic pupura or HELLP syndrome. Two different consultants – hematology/oncology and nephrology, both of which noted skin abnormalities including erythematous plaques in the lower extremity and abdomen and developing blisters in the hand, foot and knee areas – recommended infectious disease consult, which was neither obtained nor ordered by Dr. Siddiqui, Dr. Singh, Dr. Scrattish, Dr. Kuchinic, Dr. Illiescu or any of the residents. This was a deviation from the standard of care which caused or contributed to cause harm to Ms. Rosillo, as an infectious disease consult more likely than not would have led to earlier diagnosis of necrotizing fasciitis. Nor did Dr. Siddiqui, Dr. Singh, Dr. Scrattish, Dr. Kuchinic, or any of the residents recommend, on the basis of her symptoms, that Ms. Rosillo be sent for immediate exploratory surgery as a means of addressing source control for an evident infectious process. This was a deviation from the standard of care on behalf of Dr. Siddiqui, Dr. Singh, Dr. Scrattish, Dr. Kuchinic, Dr. Illiescu and the above-mentioned residents, which caused or contributed to cause harm to Ms. Rosillo, as an earlier diagnosis of necrotizing fasciitis, either based on clinical symptoms or on exploratory surgery, would more likely than not have stemmed the spread of her infection.

Pam Khosla, M.D. was a hematologist/oncologist who consulted on Ms. Rosillo's case at Mt. Sinai on October 10, 2009. Dr. Khosla consulted on Ms. Rosillo's case and did not include necrotizing fasciitis in her differential diagnoses. Nor did Dr. Khosla recommend, on the basis of her symptoms, that Ms. Rosillo be sent for immediate exploratory surgery as a means of addressing source control for an evident infectious process. This was a deviation from the standard of care on behalf of Dr. Khosla, which caused or contributed to cause harm to Ms. Rosillo, as an earlier diagnosis of necrotizing fasciitis, either based on clinical symptoms or on exploratory surgery, would more likely than not have stemmed the spread of her infection.

William Trainor, M.D. was a pulmonologist who consulted on Ms. Rosillo's case at Mt. Sinai on October 10, 2009. Dr. Trainor consulted on Ms. Rosillo's case and did not include necrotizing fasciitis in his differential diagnoses. Nor did Dr. Khosla recommend, on the basis of her symptoms, that Ms. Rosillo get an infectious disease consult or be sent for immediate exploratory surgery as a means of addressing source control for an evident infectious process. This was a deviation from the standard of care on behalf of Dr. Trainor, which caused or contributed to cause harm to Ms. Rosillo, as an earlier diagnosis of necrotizing fasciitis, either based on clinical symptoms or on exploratory surgery, would more likely than not have stemmed the spread of her infection.

Andres Serrano, M.D. was an internal medicine physician who consulted on Ms. Rosillo's case at Mt. Sinai on October 10, 2009. Dr. Serrano consulted on Ms. Rosillo's case and did not include necrotizing fasciitis in his differential diagnoses. Nor did Dr. Serrano recommend, on the basis of her symptoms, that Ms. Rosillo be sent for immediate exploratory surgery as a means of addressing source control for an evident infectious process. This was a deviation from the standard of care on behalf of Dr. Serrano, which caused or contributed to cause harm to Ms. Rosillo, as an earlier diagnosis of necrotizing fasciitis, either based on clinical symptoms or on exploratory surgery, would more likely than not have stemmed the spread of her infection.

Ms. Rosillo was later transferred to Rush University Medical Center, where she was diagnosed with Group A strep bacteremia with necrotizing fasciitis of bilateral upper and lower extremities. Ms. Rosillo was treated with surgical debridement of bilateral upper and lower extremities and subsequently Rosillo underwent a total abdominal hysterectomy. Had the above-referenced deviations from the standard of care not occurred, it is my opinion that Ms. Rosillo's necrotizing fasciitis would have been diagnosed at Mt. Sinai Hospital and that that condition could have been treated through appropriate intervention that more probably true than not true could have led to timely and successful treatment and could have avoided this outcome.

This report is not intended to be all-inclusive and I could certainly expand on this if given further information or upon request.

Very truly yours,

## AFFIDAVIT

NOW COMES your Affiant, Terrence M. Quinn, pursuant to <u>Illinois Revised Statutes</u>. Ch. 110 §2-622, being first duly sworn on oath, deposes and states that if called to testify before this Court, he would be competent to do so and would testify as follows, all from his personal knowledge:

1. That he is associated with PHILLIPS LAW OFFICES, attorneys for Plaintiff herein, and is involved in the handling of this case.

2. That he has thoroughly reviewed the medical records and facts of this case.

3. That we have consulted and reviewed the facts of this case with health care professionals who the Affiant is informed and believes are qualified by experience and demonstrated competence, practices or has practiced within the last five years in the same area of health care that is at issue, are knowledgeable in the relevant issues involved in this particular action, are licensed to practice medicine in all its branches, and nursing, and meets the expert witness standards set forth in Section 8-2501.

4. That said reviewing health care professionals have, based on their review of the Plaintiff's medical records, other relevant material, and consultation with Affiant, determined in written reports attached hereto, that there is a reasonable and meritorious cause for the filing of the instant action as against each Defendant.

5. That your Affiant has concluded based on said consultations and on reviewing the health care professional's review, that there is a reasonable and meritorious cause for filing the instant action.

FURTHER, YOUR AFFIANT SAYETH NOT.

PHILLIPS LAW OFFICES

_____
Terrence M. Quinn

SUBSCRIBED and SWORN to before me

this 20th day of June, 2011.

_____
Notary Public

OFFICIAL SEAL
KELLY A WILLOUGHBY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/29/13

# AFFIDAVIT OF DAMAGES

## SUPREME COURT RULE 222

The undersigned being first duly sworn upon oath, deposes and states that he is the attorney for the plaintiff in the above entitled cause of action seeking money damages or collection of taxes and states that this cause of action

☐ does not exceed $50,000.00

☒ does exceed $50,000.00

PHILLIPS LAW OFFICES

By: _____
Attorney for Plaintiff

Subscribed and Sworn to before me
this 29th day of June, 2011

_____
Notary Public

OFFICIAL SEAL
KELLY A WILLOUGHBY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/29/13